IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CASE NO. CR499-133 |
| ) | |
| LACY DELOACH, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## O R D E R

Before the Court is Defendant Lacy Deloach's Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(1)(A) (Doc. 851), which the Government has opposed (Doc. 852). After careful consideration, Defendant's motion (Doc. 851) is **DENIED**.

### BACKGROUND

In August 2000, a jury found Defendant guilty of conspiracy to possess with intent to distribute and to distribute controlled substances in violation of 21 U.S.C. § 846 (Count 1) and use of a communication facility in violation of 21 U.S.C. § 843(b) (Count 32). (Doc. 559.) Defendant was sentenced to life imprisonment for Count 1 and 48 months' imprisonment for Count 32 to be served concurrently. (Doc. 599 at 2.) The United States Court of Appeals for the Eleventh Circuit affirmed Defendant's conviction and sentence on appeal. (Doc. 669 at 19.)

On August 4, 2022, this Court granted Defendant's motion for sentence reduction and reduced Defendant's sentence pursuant to

the First Step Act and 18 U.S.C. § 3582(c)(1)(B). (Doc. 842 at 3.) Specifically, the Court reduced Defendant's sentence as to Count 1 "to 460 months of imprisonment, to be served concurrently with Count 32 and concurrently with term of imprisonment imposed on the related state offenses." (Id. (emphasis omitted).) The Court further explained it was the "Court's intention that Defendant receive credit toward his federal sentence for all time served in custody since the date of his original sentencing on October 25, 2000." (Id. at 4.)

In the same order, the Court denied Defendant's first motion for compassionate release. (Id.) The Court found that Defendant's sister's submission contradicted Defendant's assertion that he was the only family member available to care for his ailing father. (Id.)

After the Court granted Defendant's motion for sentence reduction, Defendant filed a motion for credit for time served and another motion for compassionate release. (Docs. 843, 844.) As to Defendant's motion for credit for time served, the Court found that Defendant did not exhaust his administrative remedies and the Court lacked jurisdiction to consider Defendant's request for time served. (Doc. 847 at 4.) As to Defendant's motion for compassionate release, the Court found that the Court lacked authority to order the Federal Bureau of Prisons ("BOP") to release Defendant to home confinement. (Id. at 6.) Further, the Court found Defendant

ineligible for compassionate release because he failed to exhaust his administrative remedies and his family circumstances did not qualify as extraordinary and compelling reasons warranting compassionate release under U.S.S.G. § 1B1.13. (Id. at 7-10.)

According to the BOP's website, Defendant is currently incarcerated at U.S. Penitentiary Lee located in Pennington Gap, Virginia, with a projected release date of May 19, 2054. See BOP Inmate Locator, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited Apr. 17, 2023).

**ANALYSIS**

Defendant again seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).[1] (Doc. 851 at 1.) Defendant now seeks compassionate release due to the BOP failing to award him credit for time served. (Id. at 5-6.) The Government opposes Defendant's motion, arguing that Defendant failed to exhaust his administrative remedies and his credit for time served arguments do not qualify as an extraordinary and compelling reason under U.S.S.G. § 1B1.13. (Doc. 852 at 3-4.) The Court finds that Defendant's motion is due to be denied.

---

[1] Defendant also filed a letter on December 7, 2022, asking the Court "look into this so [he] can receive [his] credit toward his federal sentence." (Doc. 850 at 1.)  "[I]f a litigant seeks judicial action of any sort . . . , it must be contained within a motion . . . . It cannot be requested in a personal letter to a judge." In re Unsolicited Letters to Fed. Judges, 120 F. Supp. 2d 1073, 1074 (S.D. Ga. 2000).

3

I.   TIME SERVED CREDIT

Although labeled a motion for compassionate release, Defendant again raises arguments about the BOP's failure to credit him pursuant to the Court's August 2022 order. (Doc. 851 at 6.) The Court has already outlined the proper procedure for mounting such a judicial challenge, which is not in this Court. (Doc. 847 at 3-5.) Defendant has failed to establish that the Court reached an improper conclusion, and the Court will not reconsider arguments it has already addressed.

II.   COMPASSIONATE RELEASE

   A.   Eligibility for Compassionate Release

18 U.S.C. § 3582(c)(1)(A) provides that the Court can reduce the term of imprisonment upon

> motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . .

28 C.F.R § 571.61 requires an inmate seeking a compassionate release to submit a written request to the prison's warden. At a minimum, the inmate's request must contain "[t]he extraordinary or compelling circumstances that the inmate believes warrant consideration" and "[p]roposed release plans, including where the inmate will reside, how the inmate will support himself/herself, and, if the basis for request involves the inmate's health,

information on where the inmate will receive medical treatment and how the inmate will pay for such treatment." 28 C.F.R. § 571.61(a).

"[T]he exhaustion requirement for a prisoner filing a motion under § 3582(c)(1)(A) is a non-jurisdictional claim-processing rule that may be forfeited by the government." United States v. Johnson, No. 20-13245, 2021 WL 3140306, at *2 (11th Cir. July 26, 2021) (per curiam) (citing United States v. Harris, 989 F.3d 908, 911 (11th Cir. 2021)). Here, the Government raised the issue (Doc. 852 at 2-3), and while Defendant claims he submitted a request for compassionate release to the Warden and it was denied (Doc. 851 at 3), he has not submitted proof showing he exhausted his claims. United States v. Harrell, No. CR 312-003-22, 2021 WL 77964, at *1 (S.D. Ga. Jan. 8, 2021); United States v. Rodrigues, 847 F. App'x 609, 611 (11th Cir. 2021) (per curiam) (finding that defendant failed to exhaust his administrative remedies when "there [was] nothing in the record indicating that [defendant]: (1) made a request for compassionate release to the warden prior to filing his motion; (2) waited 30 days after making such a request to the warden; or (3) appealed a denial from the warden after making such a request."). For this reason, the Court must deny Defendant's motion. Nevertheless, even assuming that Defendant exhausted his administrative remedies, the Court will now explain why Defendant has not alleged extraordinary and compelling reasons sufficient to reduce his term of imprisonment.

B.  Extraordinary and Compelling Reasons

Under § 3582(c)(1)(A), a court may order a sentence reduction where the court determines, upon consideration of the factors set forth in 18 U.S.C. § 3553(a), that "extraordinary and compelling reasons" exist, and the defendant does not present a danger to the safety of any other person or the community. See U.S.S.G. § 1B1.13. In its consideration of compassionate release, the Court is constrained by the applicable policy statements issued by the United States Sentencing Commission. See 18 U.S.C. § 3582(c)(1)(A). The application notes to the applicable policy statement list three specific examples of extraordinary and compelling reasons to consider a reduction of sentence under § 3582(c)(1)(A): (1) a serious medical condition; (2) advanced age; and (3) family circumstances. U.S.S.G. § 1B1.13 n.1(A)-(C). A fourth catch-all category provides: "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the aforementioned three categories. Id. at n.1(D).

The United States Court of Appeals for the Eleventh Circuit has explained that "Section 1B1.13 'is an applicable policy statement that governs all motions under Section 3582(c)(1)(A)[]' " and that district courts are precluded "from finding extraordinary and compelling reasons within the catch-all

6

provision beyond those specified by the Sentencing Commission in Section 1B1.13." <u>United States v. Giron</u>, 15 F.4th 1343, 1346, 1347 (11th Cir. 2021) (citations omitted). Defendant's argument about time served credit does not fall into any of the categories of extraordinary and compelling circumstances enumerated in § 1B1.13 n.1(A)-(C), and the catch-all provision does not grant discretion to courts to develop other reasons that might justify a reduction in Defendant's sentence. Thus, the Court finds that Defendant failed to demonstrate an extraordinary and compelling reason exists for compassionate release.

## CONCLUSION

For the foregoing reasons, Defendant's motion for compassionate release (Doc. 851) is **DENIED**.

SO ORDERED this 21ˢᵗ day of April 2023.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA