IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

UNITED STATES OF AMERICA        *
                                *
v.                              *     CR 499-133-3
                                *
LACY DELOACH                    *

## O R D E R

Defendant Lacy DeLoach has moved for compassionate release under 18 U.S.C. § 3582(c)(1)(A) for a fourth time. (Doc. 878.) Also pending before the Court is Defendant's motion for relief under 18 U.S.C. § 3582(c)(2) based upon retroactive application of Amendment 821 to the United States Sentencing Guidelines. (Doc. 876).

Defendant was found guilty by a jury of conspiracy to possess with intent to distribute and to distribute controlled substances and use of a communication facility. The Honorable William T. Moore, Jr. sentenced Defendant on October 25, 2000, to serve a life term on the first count and 48 months on the second count, to be served concurrently. The Eleventh Circuit affirmed Defendant's conviction and sentence on direct appeal.

In 2022 Defendant filed two motions for sentence reduction – one invoking the First Step Act of 2018, and the other invoking the compassionate release provision. Judge Moore granted the first

motion and reduced Defendant's life term to 460 months, but he denied the motion for compassionate release because Defendant had not established that he was the only family member available to care for his ailing father. (Order of Aug. 4, 2022, Doc. 842.)

By Order of October 25, 2022, Judge Moore denied a second motion for compassionate release. (Doc. 847.) Defendant had once again raised the issue of his father's medical circumstances, but he had not exhausted his administrative remedies prior to filing the motion. (Id. at 5.) On April 21, 2023, Defendant's third motion of compassionate release was denied, in part based upon his failure to exhaust administrative remedies. (Doc. 853, at 5.)

In April 2024, the case was reassigned to the undersigned judge. Thereafter, Defendant filed the two pending motions mentioned above.

I. Motion for Compassionate Release

The compassionate release provision permits a defendant to bring a motion for compassionate release "after he has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). In this case, Defendant candidly admits that he did not submit a request for compassionate release to the warden

2

and chose instead "to humbly ask the court for compassionate release." (Doc. 878, at 3.) The exhaustion requirement is important because the Bureau of Prisons ("BOP") is generally better positioned to assess an individual inmate's present circumstances. The Court will not heedlessly omit the BOP's expertise and informed assessment from the compassionate release process. For this reason, the Court will deny Defendant's motion for compassionate release.

II.  Amendment 821

Defendant seeks a sentence reduction based upon "the 2023 criminal history amendment" since he had "no criminal history points." The Court surmises that Defendant is referring to Amendment 821 to the United States Sentencing Guidelines.

Amendment 821 (Part B) provides a retroactive decrease in offense level for certain "zero point" offenders, i.e., offenders who did not have any criminal history points in the application of the Sentencing Guidelines. Here, it is true that Defendant is a "zero-point offender"; however, the decrease in offense level is not available to offenders who possessed a fireman in connection with the offense of conviction. See U.S.S.G. § 4C1.1(a)(7). At sentencing, Defendant's base offense level was increased two points because he possessed a firearm in connection with his conspiracy offense. (See Presentence Investigation Report ¶ 20.)

3

Thus, Defendant is not eligible for relief under U.S.S.G. § 4C1.1(a)(7).

Conclusion

Upon the foregoing, Defendant DeLoach's motion for compassionate release (doc. 878) is **DENIED**. His motion for sentence reduction based upon Amendment 821 (doc. 876) is also **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 5th day of March, 2025.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA